IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| PETER GOSDEN d/b/a, WICKED FISH APPAREL and WickedFish, L.L.C. | ) ) ) ) | Case No.: 2:21-cv-01169-DCN |
| Plaintiff, | ) ) | |
| vs. | ) ) | **COMPLAINT** (JURY TRIAL DEMANDED) |
| ERAZORBITS, INC., | ) ) | |
| Defendant | ) ) | |

The above-named Plaintiffs, by and through their undersigned counsel, hereby files their Complaint against the above-named Defendant and respectfully alleges unto this Honorable Court the following:

## PARTIES JURISDICTION AND VENUE

1. The Plaintiff, Peter Gosden, is a citizen and resident of the State of Georgia and does business as Wicked Fish Apparel. The Plaintiff WickedFish, L.L.C. is a Georgia Limited Liability Company.

2. ErazorBits, Inc., is a corporation organized and existing under the laws of the State of New Jersey with its principal place of business in Barnegat, New Jersey and does business in South Carolina. Jurisdiction and venue are proper in this Honorable Court.

3. This is an action for trademark infringement and for related state-law claims relating to Defendant's unauthorized use of Plaintiffs' federally registered trademarks in the course of providing various products in United States interstate commerce.

4. This action arises under §§32 and 43 of the Trademark Act of 1946, 15 U.S.C §§ 1114 and 1125, as amended. This Court has exclusive jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331, in that this is a civil action arising under the laws of the United States.

5. This Court has further jurisdiction pursuant to 28 U.S.C.§ 1338(a), in that this is a civil action arises under acts of Congress relating to trademarks, and as to Plaintiff's federal unfair competition claim, pursuant to 28 U.S.C. §1338(b), in that the claim is joined with a substantial and related claim under the trademark laws of the United States.

6. The matter in controversy also exceeds, exclusive of interest and costs, the sum of Seventy Five Thousand Dollars ($75,000.00).

7. This Court has supplemental jurisdiction over the subject matter of Plaintiff's state law claims pursuant to 28 U.S.C. §1367(a), in that the claims are so related to Plaintiff's federal claims that they form part of the same case or controversy.

8. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b), because defendant resides or otherwise conducts business in this State and judicial district.

9. The Court has personal jurisdiction over the Defendant based upon Defendant's conduct of significant business here, and further that the infringing activities of defendant alleged herein occurred and continue to occur in this State and judicial district.

## BACKGROUND FACTS

10. Plaintiff, Peter Gosden d/b/a Wicked Fish Apparel registered a Trademark for WickedFish. Plaintiff Peter Gosden is the owner of the following U.S. Trademark registrations for marks that consist of or contain the term Wicked Fish (collectively the "Plaintiff's Marks"):

| Mark | Reg. No. | Reg. Date | Services |
| --- | --- | --- | --- |
| WickedFish | 4769760 | 7/07/2015 | N/A |

Copies of the above-referenced registrations for the Plaintiff's Marks are attached hereto as Exhibit "A", and incorporated herein by reference.

11. Registration numbers are incontestable pursuant to 15 U.S.C. § 1065.

12. For the entire time Plaintiff's marks have been registered, Plaintiff has provided the public, including the Defendant, with notice of those federal registrations through the consistent application of the symbol to its marks in connection with providing its services, when and where appropriate. (Attached hereto as Exhibit "B" Notice of Publication).

13. The Plaintiffs' Marks are indicators of Plaintiffs' as origin of high quality and reputable products and are symbolic of the extensive goodwill and consumer recognition built up by Plaintiff through substantial amounts of time and effort in advertising and promotion.

14. Plaintiffs' and Defendant entered into a licensing agreement whereby Defendant was granted permission to use the mark "WickedFish" on products it sold within the U.S. marketplace. (Attached hereto as Exhibit "C" is a copy of the licensing agreement). As consideration for its use of the Licensed mark, Licensee was to tender to Plaintiff a non-

refundable royalty payment of $7,500.00 (See License Agreement Paragraph 2.1). Defendant paid $7,400.00 and, despite demand, has failed the balance on the amount owed. In addition, defendant continues to use the Licensed Mark which constitutes violation of federal law.

15. Also as part of the licensing agreement, Defendant was required to provide Plaintiff with proof of adequate insurance, as set forth in paragraph 10 of the License Agreement as well as list Plaintiff Wicked Fish Apparell, LLC as an additional insured. Defendant is also required to provide samples of each and every product bearing the Licensed Mark, as set forth in paragraph 7.2 of the License Agreement. These provisions were intended as a condition precedent to the Licensee's lawful use of the Licensed Mark, in order to protect the Plaintiff and insure high-level quality standards, proper labeling and use of the ® symbol (as set forth in paragraph 8 of the License Agreement)

16. Finally, the Defendant has not fulfilled its reporting requirements under paragraph 3 of the License Agreement by voluntarily submitting detailed, complete, and accurate records, within thirty days of each calendar quarter. Defendant has only submitted scant records of its transactions relating to the Plaintiff's Mark. These reports are necessary for Plaintiff to accurately calculate royalty payments due him. Plaintiff must be granted access to Defendants full sales records since the date of the agreement in order to accurately ascertain how many sales and thus violations Defendant is responsible for.

17. Defendant has failed and, despite demand, continues to disregard the terms of the Licensing Agreement. Defendant continues to use and benefits from using the Plaintiffs' marks as both a trademark and trade name in connection with products offered by defendant to consumers throughout the United States.

18.     Upon information and belief, Defendant displays and uses the Plaintiff's Mark in the United States interstate commerce to identify the products Defendant sells.

19.     Upon information and belief, Defendant uses the Plaintiff's Mark to advertise and market its products to customers in the United States.

20.     The Defendant blatantly uses the Plaintiff's Mark on products it sells despite failing to meet its obligations under the Licensing Agreement

21.     The products offered by the Defendant bearing Plaintiff's Mark are related to and compete with Plaintiff's products sold in connection with Plaintiff's Mark.

22.     By using Plaintiffs Mark on its products consumers are confused and under the impression that they are purchasing duly authorized, approved, high quality "Wicked Fish" apparel.

23.     In addition, Defendant's products are offered, directed and sold to the same markets, persons and entities to which Plaintiff directs and sells products in connection with the Plaintiff's Mark.

24.     As a result of Defendant's activities, Plaintiff has been, and will continue to be damaged through the loss of revenues associated with the provision of similar products, as well as through the loss of Plaintiff's ability to control the quality of the products sold in connection with Plaintiff's Marks.

25.     Defendants foregoing activities in connection with its unauthorized use of Plaintiff's Mark have damaged, or are likely to damage, the reputation and goodwill associated with Plaintiff and without any legitimate basis upon which such activities could be legally undertaken.

26. Plaintiff has given notice to the defendant that its Plaintiff's Marks are federally registered and that Defendant's actions are infringing on said registrations.

27. Despite Plaintiff's demands, Defendant has failed to alter its infringing conduct or cease use of the Plaintiff's Mark.

## FIRST CLAIM FOR RELIEF
## TRADEMARK INFRINGEMENT UNDER 15 U.S.C § 1114(1)

28. Each and every allegation set forth in the preceding paragraphs is hereby realleged and reiterated as fully as if set forth verbatim herein.

29. Defendant's use of the Plaintiff's Mark is "in commerce" within the meaning of the Trademark Act of 1946, as amended.

30. Plaintiff entered an agreement with Defendant whereby defendant was to meet certain obligations under the agreement in order to receive authorization to use the Plaintiff's Mark. Defendant did not meet the conditions precedent to obtain authorization to use Plaintiff's Mark but nonetheless used Plaintiff's Mark on its products.

31. Defendants use of Plaintiff's Marks is likely to cause confusion, or to cause mistake, and to deceive customers and patrons into believing that the products being sold by Defendant are provided with the authorization of the Plaintiff.

32. Defendant's acts are wilfull, knowing and intentional.

33. Defendant's activities constitute the infringement of the federally registered Plaintiff's Marks in violation of 15 U.S.C. §1114(1).

34. Plaintiffs have been damaged by Defendants infringing activities.

35. Unless enjoined by the Court, defendants infringing activities as described above will continue unabated and will continue to cause harm to the Plaintiff.

## SECOND CLAIM FOR RELIEF
## UNFAIR COMPETITION UNDER 15 U.S.C §1125(a)

36. Each and every allegation set forth in the preceding paragraphs is hereby realleged and reiterated as fully as if set forth verbatim herein.

37. Defendant's use of the Infringing Mark is likely to cause confusion, or to cause mistake, or to deceive customers into falsely believing that Plaintiff sponsors or approves defendant's products and its related commercial activities.

38. Upon information and belief, Defendant's activities were and are committed with the intent to pass off or palm off Defendant's products as the products of Plaintiffs and with intent to deceive and defraud the public.

39. Because of Defendant's unauthorized use of the Infringing Mark in the manner described above, Plaintiffs were, and will continue to be, denied revenue from the provision or licensing of authorized services and deprived of control over use of its Plaintiff's Marks.

40. Defendant's activities have caused, and will continue to cause, Plaintiffs a competitive injury.

41. Defendant's activities constitute unfair competition in violation of 15 U.S.C §1125(a).

42. Unless enjoined by the Court, Defendant's unfair competition activities as described above will continue unabated and will continue to cause harm to Plaintiff.

## THIRD CLAIM FOR RELIEF
## FALSE DESIGNATION UNDER 15 U.S.C. § 1125(a)

43. Each and every allegation set forth in the preceding paragraphs is hereby realleged and reiterated as fully as if set forth verbatim herein.

44. Defendant has caused its products to be offered in the United States interstate commerce in connection with the Infringing Mark.

45. The use of the Infringing Mark is a false designation and representation that Defendant's services are provided by, sponsored by or affiliated with Plaintiff.

46. Defendant's activities constitute a violation of 15 U.S.C. § 1125(a), in that Defendant has represented its products to be authorized "Wicked Fish" apparel, including words, an arbitrary letter design and colors tending to falsely describe or represent the same, and has caused such products to enter into United States commerce.

47. Plaintiffs believe they have been, and are likely to be, damaged by Defendants activities because purchasers will likely be confused as to the true source, sponsorship or affiliation of Defendants products offered under the Infringing Mark.

48. Unless enjoined by the Court, Defendants activities as described above will continue unabated and will continue to cause harm to Plaintiff.

## FOURTH CLAIM FOR RELIEF
## VIOLATION OF THE SOUTH CAROLINA UNFAIR TRADE PRACTICES ACT S.C. CODE § 38-5-10, et seq.

49. Each and every allegation set forth in the preceding paragraphs is hereby realleged and reiterated as fully as if set forth verbatim herein.

50. Defendant's acts of infringement occurred during the conduct of trade or commerce, from which Defendant derived an economic benefit.

51. Defendants acts of infringement constitute unfair methods of competition and unfair or deceptive acts or practices, and such conduct, therefore, violates the South Carolina Unfair Trade Practices Act, S.C. Code § 38-5-10 et seq.

52. Defendants acts of Infringement create a likelihood of confusion or of misunderstandings as to affiliation, connection, or association with Plaintiff.

53. Defendant's conduct also affects public interest, is capable or repetition and, upon information and belief has been repeated on numerous occasions.

54. As a direct and proximate result of the unfair methods of competition and unfair or deceptive acts and practices of the Defendant, Plaintiff has sustained injury and is entitled to recover actual damages in an amount to be proven at trial.

55. Defendant's use or employment of the unfair methods of competition and unfair or deceptive acts or practices was a wilfull and knowing violation of S.C. Code § 38-5-10 et seq. As a result, plaintiff is entitled to recover from Defendant three (3) times the actual damages that it has sustained under S.C. Code § 38-5-10 et seq.  .

56. Unless enjoined by the Court, Defendant's activities as described above will continue unabated and will continue to cause harm to Plaintiff.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant and that the Court:

A. Find that the Defendant has committed acts of Infringement of the federally registered marks, in violation of 15 U.S.C. §1114(1);

B. Find that the Defendant has engaged in unfair competition detrimental to Plaintiff in violation of 15 U.S.C. § 1125(a);

C. Find the Defendant has engaged in falsely designating its products detrimental to Plaintiff `in violation of 15 U.S.C. § 1125(a);

D. Find that Defendant has engaged in diluting, blurring andor tarnishing detrimental to Plaintiff in violation of 15 U.S.C. § 1125(c);

E. Find that Defendant engaged in unfair methods of competition and unfair or deceptive acts or practices detrimental to Plaintiff in violation of the South Carolina Unfair Trade Practices Act, S.C. Code § 38-5-10 et seq.

F. Enter Judgment against Defendant and in favor of Plaintiff on all applicable counts;

G. Award to Plaintiff Defendant's profits and the damages sustained by Plaintiff because of that Defendant's conduct in infringing the Plaintiff's Marks, or, in the alternative, statutory damages per trademark infringed;

H. Award to Plaintiff Defendant's profits and the damages sustained by Plaintiff because of Defendant's acts of unfair competition under 15 U.S.C. § 1125(a);

I. Award to Plaintiff treble, punitive or otherwise enhanced damages, as available upon a finding that Defendant acted willfully in the conduct of iots infringement;

J. Order that all materials or other media belonging to Defendant, which enable Defendant to engage in infringement as described herein, to be delivered up or seized for destruction;

K. Grant Plaintiff preliminary and permanent injunctive relief against further infringement of the Plaintiffs' Marks and further false designations of origin, by Defendant;

L.    Award Plaintiff its costs of suit and attorneys' fees, to the extent not awarded above;

and

M.    Grant Plaintiff such other and further relief as justice may require.

Respectfully submitted this the 20th day of April, 2021.

                                        **FINN LAW FIRM, P.C.**

By:    /s/Thomas J. Finn
       Thomas J. Finn Federal I.D. No.6336
       Post Office Box 6003
       Hilton Head island, South Carolina 29938
       Telephone:   (843)682-3555
       thomas@finnlawfirmpc.com

Hilton Head Island, South Carolina
April 20, 2021