0

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| PETER GOSDEN, d/b/a )<br>WICKED FISH APPAREL and )<br>WICKED FISH L.L.C. )<br>)<br>      Plaintiff, )<br>)<br>vs. )<br>)<br>)<br>)<br>)<br>ERAZORBITS, INC., )<br>)<br>      Defendant. )<br>_____) | Civil Action No. 3:22-cv-00075 LW-DEA<br>Judge Freda L. Wolfson<br>Magistrate Judge Douglas E. Arpert<br>CIVIL Action |

## AMENDED COMPLAINT

The above-named Plaintiff, by and through their undersigned counsel, hereby files their Amended Complaint against the above-named Defendant and respectfully alleges unto this Honorable Court the following:

### PARTIES JURISDICTION AND VENUE

1. The Plaintiff, is a citizen and resident of the State of Georgia and does business as Wicked Fish Apparel. The Plaintiff WickedFish L.L.C. is a Georgia Limited Liability Company.

2. ErazorBits, Inc., is a corporation organized and existing under the laws of the State of New Jersey with its principal place of business in Barnegat, New Jersey and

does business in South Carolina Jurisdiction and venue are proper in this Honorable Court.

3.  This is an action for trademark infringement and for related state-law claims relating to Defendant's unauthorized use of Plaintiff's federally registered trademarks in the course of providing various products in United States interstate commerce.

4.  This action arises under §§32 and 43 of the Trademark Act of 1946, 15 U.S.C §§ 1114 and 1125, as amended. This Court has exclusive jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §in that this is a civil action arising under the laws of the United States.

5.  This Court has further jurisdiction pursuant to 28 U.S.C.§ 1338(a), in that this is a civil action arises under acts of Congress relating to trademarks, and as to Plaintiff's federal unfair competition claim, pursuant to 28 U.S.C. §1338(b), in that the claim is jpoined with a substantial and related claim under the trademark laws of the United States.

6.  The matter in controversy also exceeds, exclusive of interest and costs, the sum of Seventy Five Thousand Dollars ($75,000.00).

7.  This Court has supplemental jurisdiction over the subject matter of Plaintiff's state law claims pursuant to 28 U.S.C. §1367(a), in that the claims are so related to Plaintiff's federal claims that they form part of the same case or controversy.

8.  Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b), because defendant resides or otherwise conducts business in this State and judicial district.

9. The Court has personal jurisdiction over the Defendant based upon Defendant's conduct of significant business here, and further that the infringing activities of defendant alleged herein occurred and continue to occur in this State and judicial district.

## BACKGROUND FACTS

10. Plaintiff Peter Gosden d/b/a Wicked Fish Apparel, registered a Trademark for Wicked Fish.   Plaintiff is the owner of the following U.S. Trademark registrations for marks that consist of or contain the term Wicked Fish (collectively the "Plaintiff's Marks"): Mark "WickedFish"; Reg. No. 4769760; Reg. Date 7/07/2015.  Copies of the above-referenced registration for the Plaintiff's Marks are attached hereto as Exhibit "A" and incorporated herein by reference.

11. Registration numbers are incontestable pursuant to 15 U.S.C. § 1065.

12. For the entire time Plaintiff's marks have been registered, Plaintiff has provided the public, including the Defendant, with notice of those federal registrations through the consistent application of the symbol to its marks in connection with providing its services, when and where appropriate.

13. The Plaintiff Marks are indicators of Plaintiff as origin of high quality and reputable products and are symbolic of the extensive goodwill and consumer recognition built up by Plaintiff through substantial amounts of time and effort in advertising and promotion.

14. Plaintiff and Defendant entered into a licensing agreement whereby Defendant was granted permission to use the mark "Wicked Fish" on products it sold within the U.S. marketplace.  (Attached hereto as Exhibit "B" is a copy of the licensing agreement). As consideration for its use of the Licensed mark, Licensee was to tender to Plaintiff a

non-refundable royalty payment of $7,500.00 (See License Agreement Paragraph 2.1). To date and despite demand payment of the $7,500.00 has not been made. In addition, defendant continues to use the Licensed Mark which constitutes violation of federal law.

15. Also as part of the licensing agreement, Defendant was required to provide Plaintiff with proof of adequate insurance, as set forth in paragraph 10 of the License Agreement as well as samples of each and every product bearing the Licensed Mark, as set forth in paragraph 7.2 of the License Agreement. These provisions were intended as a condition precedent to the Licensee's lawful use of the Licensed Mark, in order to protect the Plaintiff and insure high-level quality standards, proper labeling and use of the ® symbol (as set forth in paragraph 8 of the License Agreement)

16. Finally the Defendant has not fulfilled its reporting requirements under paragraph 3 of the License Agreement by voluntarily submitting detailed, complete, and accurate records, within thirty days of each calendar quarter. Defendant has only submitted scant records of its transactions relating to the Plaintiff's Mark. These reports are necessary for Plaintiff to accurately calculate royalty payments due him. From the reports which have been received it is evident that Defendant has violated federal trademark law over three thousand times by selling items bearing the Licensed Mark. Plaintiff must be granted access to Defendants full sales records since the date of the agreement in order to accurately ascertain how many sales and thus violations Defendant is responsible for.

17. Defendant has failed and despite demand continues to abide by the terms of the Licensing Agreement. Defendant continues to use and benefit from using the Plaintiff's marks as both a trademark and trade name in connection with products offered by defendant to consumers in the United States.

18. Upon information and belief, Defendant displays and uses the Plaintiff's Mark in the United States interstate commerce to identify the products Defendant sells.

19. Upon information and belief, Defendant uses the Plaintiff's Mark to advertise and market its products to customers in the United States.

20. The Defendant blatantly uses the Plaintiff's Mark on products it sells despite failing to meet its obligations under the Licensing Agreement

21. The products offered by the Defendant bearing Plaintiff's Mark are related to and compete with Plaintiff's products sold in connection with Plaintiff's Mark.

22. By using Plaintiffs Mark on its products consumers are confused and under the impression that they are purchasing duly authorized, approved, high quality "Wicked Fish" apparel.

23. In addition, Defendant's products are offered, directed and sold to the same markets, persons and entities to which Plaintiff directs and sells services in connection with the Plaintiff's Mark.

24. As a result of Defendant's activities, Plaintiff has been, and will continue to be damaged through the loss of revenues associasted with the provision of similar services, as well as through the loss of Plaitniff's ability to control the quality of the products sold in connection with Plaintiff's Marks.

25. Defendants foregoing activities in connection with its unauthorized use of Plaintiff's Mark have damaged, or are likely to damage, the reputation the reputation and goodwill associated with Plaintiff and without any legitimate basis upon which such activities could be legally undertaken.

26. Plaintiff has given notice to the defendant that its Plaintiff's Marks are federally registered and that Defendant's actions are infringing on said registrations.

27. Despite Plaintiff's demands, Defendant has failed to alter its infringing conduct or cease use of the Plaintiff's Mark.

## FIRST CLAIM FOR RELIEF
## TRADEMARK INFRINGEMENT UNDER 15 U.S.C § 1114(1)

28. Each and every allegation set forth in the preceding paragraphs is hereby realleged and reiterated as fully as if set forth verbatim herein.

29. Defendants use of the Plaintiff's Mark is "in commerce" within the meaning of the Trademark Act of 1946, as amended.

30. Plaintiff entered an agreement with Defendant whereby defendant was to meet certain obligations under the agreement in order to receive authorization to use the Plaintiff's Mark. Defendant did not meet the conditions precedent to obtain authorization to use Plaintiff's Mark but nonetheless used Plaintiff's Mark on its products.

31. Defendants use of Plaintiff's Marks is likely to cause confusion, or to cause mistake, and to deceive customers and patrons into believing that the products being sold by Defendant are provided with the authorization of the Plaintiff.

32. Defendant's acts are wilfull, knowing and intentional.

33. Defendant's activities constitute the infringement of the federally registered Plaintiff's Marks in violation of 15 U.S.C. §1114(1).

34. Plaintiff has been damaged by Defendants infringing activities.

35. Unless enjoined by the Court, defendants infringing activities as described above will continue unabated and will continue to cause harm to the Plaintiff.

## SECOND CLAIM FOR RELIEF
## UNFAIR COMPETITION UNDER 15 U.S.C §1125(a)

36. Each and every allegation set forth in the preceding paragraphs is hereby realleged and reiterated as fully as if set forth verbatim herein.

37. Defendant's use of the Infringing Mark is likely to cause confusion, or to cause mistake, or to deceive customers into falsely believing that Plaintiff sponsors or approves defendant's products and its related commercial activities.

38. Upon information and belief, Defendant's activities were and are committed with the intent to pass off or palm off Defendant's products as the products of Plaintiff and with intent to deceive and defraud the public.

39. Because of Defendant's unauthorized use of the Infringing Mark in the manner described above, Plaintiff was, and will continue to be, denied revenue from the provision or licensing of authorized services and deprived of control over use of its Plaintiff's Marks.

40. Defendant's activities have caused, and will continue to cause, Plaintiff a competitive injury.

41. Defendant's activities constitute unfair competition in violation of 15 U.S.C §1125(a).

42. Unless enjoined by the Cour, Defendant's unfair competition activities as described above will continue unabated and will continue to cause harm to Plaintiff.

## THIRD CLAIM FOR RELIEF
## FALSE DESIGNATION UNDER 15 U.S.C. § 1125(a)

43. Each and every allegation set forth in the preceding paragraphs is hereby realleged and reiterated as fully as if set forth verbatim herein.

44. Defendant has caused its products to be offered in the United States interstate commerce in connection with the Infringing Mark.

45. The use of the Infringing Mark is a false designation and representation that Defendant's services are provided by, sponsored by or affiliated with Plaintiff.

46. Defendant's activities constitute a violation of 15 U.S.C. § 1125(a), in that Defendant has represented its products to be authorized "Wicked Fish" apparel, including words, an arbitrary letter design and colors tending to falsely describe or represent the same, and has caused such products to enter into United States commerce.

47. Plaintiff believes it has been, and is likely to be, damaged by Defendants activities because purchasers will likely be confused as to the true source, sponsorship or affiliation of Defendants products offered under the Infringing Mark.

48. Unless enjoined by the Court, Defendants activities as described above will continue unabated and will continue to cause harm to Plaintiff.

### FOURTH CLAIM FOR RELIEF
### BREACH OF CONTRACT

49. Each and every allegation set forth in the preceding paragraphs is hereby realleged and reiterated as fully as if set forth verbatim herein.

50. Plaintiffs and Defendant entered into a contract, the License Agreement attached hereto as Exhibit. (C).

51. Defendant has breached the License Agreement in the following ways:

    a. In failing to pay the initial non-refundable advance on royalty payments;

    b. In failing to obtain insurance and name Plaintiffs as additional insureds;

    c. In failing to provide samples products for quality control purposes;

    d. In failing to use the ® symbol on products;

  e. In failing to submit detailed, complete, sales records within thirty days of each calendar quarter;

  f. In failing to pay royalties during the term of the License Agreement;

50. Defendant's actions breach the terms of the License Agreement. Defendant continues to breach the terms of the License Agreement.

51. As a direct and proximate result of Defendant's continued breaches of the License Agreement, Plaintiff has sustained injury and is entitled to recover actual damages in an amount to be proven at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant and that the Court:

A. Find that the Defendant has committed acts of Infringement of the federally registered marks, in violation of 15 U.S.C. §1114(1);

B. Find that the Defendant has engaged in unfair competition detrimental to Plaintiff in violation of 15 U.S.C. § 1125(a);

C. Find the Defendant has engaged in falsely designating its products detrimental to Plaintiff `in violation of 15 U.S.C. § 1125(a);

D. Find that Defendant has engaged in diluting, blurring an/or tarnishing detrimental to Plaintiff in violation of 15 U.S.C. § 1125(c);

E. Find that Defendant has breached the License Agreement;

F. Enter Judgment against Defendant and in favor of Plaintiff on all applicable counts;

G. Award to Plaintiff Defendant's profits and the damages sustained by Plaintiff because of that Defendant's conduct in infringing the Plaintiff's Marks, or, in the alternative, statutory damages per trademark infringed;

H. Award to Plaintiff Defendant's profits and the damages sustained by Plaintiff because of Defendant's cats of unfair competition under 15 U.S.C. § 1125(a);

I. Award to Plaintiff treble, punitive or otherwise enhanced damages, as available upon a finding that Defendant acted willfully in the conduct of its infringement;

J. Order that all materials or other media belonging to Defendant, which enable Defendant to engage in infringement as described herein, to be delivered up or seized for destruction;

K. Grant Plaintiff preliminary and permanent injunctive relief against further infringement of the Plaintiff Marks and further false designations of origin, by Defendant ;

L. Award Plaintiff its costs of suit and attorneys' fees, to the extent not awarded above; and

M. Grant Plaintiff such other and further relief as justice may require.

Respectfully submitted this the 2nd day of September, 2022.

                                        Paykin Krieg & Adams, L.L.P.

                                        By:  S/David A. Schrader
                                                David A. Schrader
                                        2500 Westchester Ave Ste 107
                                        Purchase, New York 10577
                                        Tel.: (212) 725-4423