**.NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| PETER GOSDEN, d/b/a WICKED FISH APPAREL, *et al.*,<br><br>  Plaintiffs,<br><br>v.<br><br>ERAZORBITS, INC.,<br><br>  Defendant. | Civil Action No. 22-00075 (GC) (DEA)<br><br>**OPINION** |

**CASTNER, U.S.D.J.**

**THIS MATTER** comes before the Court upon Defendant ErazorBits, Inc.'s Motion to Dismiss Plaintiffs' Second Amended Complaint pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6). (ECF No. 70.) Plaintiffs opposed, and Defendant replied. (ECF Nos. 73 & 74.) The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Rule 78(b) and Local Civil Rule 78.1(b). For the reasons set forth below, and other good cause shown, Defendant's motion is **DENIED**.

**I.    BACKGROUND**[1]

Plaintiffs Peter Gosden, a citizen and resident of Georgia who does business as Wicked Fish Apparel, and Wicked Fish L.L.C., a Georgia limited liability company, have brought this

---

[1]    When reviewing motions to dismiss pursuant to Rule 12(b)(6), courts accept as true all well-pleaded facts. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009).

trademark infringement and breach-of-contract suit.[2] Plaintiffs own the United States Trademark for marks that consist of or contain the term "Wicked Fish," and it is alleged that Defendant ErazorBits, Inc., a New Jersey corporation, violated a non-exclusive licensing agreement that allowed Defendant to use the mark on products sold within the United States in exchange for certain payments and other guarantees to Plaintiffs.[3]

On April 25, 2023, the Court issued a Memorandum Opinion dismissing the Amended Complaint without prejudice.[4] (ECF Nos. 62 & 63.) Because the claims were based on Defendant's "alleged refusal to make the full initial and subsequent royalty payments under the licensing agreement" as well as Defendant's "failure to strictly abide by the agreement's other terms, including obtaining insurance and providing samples of products," the Court found that the dispute "more closely resemble[d] a garden-variety contract action . . . than a dispute over infringing conduct" under the Lanham Act, 15 U.S.C. § 1051, *et seq.* (ECF No. 62 at 8-9.[5]) As a result, the Court concluded that the Amended Complaint had not plausibly stated claims for trademark infringement, unfair competition, or false designation. (*Id.* at 10.) And because the

---

[2] The Amended Complaint appeared to identify Peter Gosden/Wicked Fish L.L.C. as a single plaintiff, but the Second Amended Complaint now refers to them as separate plaintiffs. (*Compare* ECF No. 55, *with* ECF No. 64.)

[3] Subject-matter jurisdiction is now asserted to be based on federal question jurisdiction pursuant to 28 U.S.C. § 1331 as well as diversity jurisdiction pursuant to 28 U.S.C. § 1332. (ECF No. 64 ¶¶ 4-6.) The Amended Complaint had asserted only federal question jurisdiction. (ECF No. 55 ¶¶ 4-5.)

[4] The Court's written decision can also be found at *Gosden v. ErazorBits, Inc.*, Civ. No. 22-00075, 2023 WL 3078612 (D.N.J. Apr. 25, 2023). The Court presumes the reader's familiarity with that earlier decision, which is incorporated.

[5] Page numbers for record cites (*i.e.*, "ECF Nos.") refer to the page numbers stamped by the Court's e-filing system and not the internal pagination of the parties.

Court declined to exercise supplemental jurisdiction over the remaining common law breach-of-contract claim, the Amended Complaint was dismissed in its entirety. (*Id.* at 10-11.)

On May 27, 2023, Plaintiffs filed the Second Amended Complaint ("SAC"). (ECF No. 64.) The factual allegations are substantially similar to what was pleaded before, with a few notable exceptions. Plaintiffs now allege that they sent correspondence on October 21, 2016, informing Defendant that it was in breach of the licensing agreement and giving thirty days to come into compliance. (*Id.* ¶ 17.) When no reply was received, Plaintiffs' attorney sent a December 6, 2016 letter that "informed the Defendant that [it] was in breach of the License Agreement, [and] that [it] should cease and desist from any use of the Wicked Fish mark until and unless [it] fulfilled the terms of the licensing agreement." (*Id.* ¶¶ 18-19.) Despite this "terminat[ion] [of] the Licensing Agreement," Plaintiffs allege that they discovered "[s]ome years" later that Defendant "was making unauthorized use of the WickedFish mark to market and sell clothing online on sites like Amazon.com and Walmart.com." (*Id.* ¶ 20.) Based on these new allegations, Plaintiffs reassert claims for trademark infringement under 15 U.S.C. § 1114(1); unfair competition under 15 U.S.C. § 1125(a); false designation under 15 U.S.C. § 1125(a); as well as for breach of contract. (*Id.* ¶¶ 28-52.)

On July 11, 2023, Defendant moved to dismiss for failure to state a claim pursuant to Rule 12(b)(6). (ECF No. 70.) Plaintiff opposed on August 16, and Plaintiff replied on August 31. (ECF Nos. 73 & 74.)

## II.   LEGAL STANDARD

On a motion to dismiss for failure to state a claim upon which relief can be granted, courts "accept the factual allegations in the complaint as true, draw all reasonable inferences in favor of the plaintiff, and assess whether the complaint and the exhibits attached to it 'contain enough facts to state a claim to relief that is plausible on its face.'" *Wilson v. USI Ins. Serv. LLC*, 57 F.4th 131,

140 (3d Cir. 2023) (quoting *Watters v. Bd. of Sch. Directors of City of Scranton*, 975 F.3d 406, 412 (3d Cir. 2020)). "A claim is facially plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Clark v. Coupe*, 55 F.4th 167, 178 (3d Cir. 2022) (quoting *Mammana v. Fed. Bureau of Prisons*, 934 F.3d 368, 372 (3d Cir. 2019)). When assessing the factual allegations, courts "disregard legal conclusions and recitals of the elements of a cause of action that are supported only by mere conclusory statements." *Wilson*, 57 F.4th at 140 (citing *Oakwood Lab'ys LLC v. Thanoo*, 999 F.3d 892, 903 (3d Cir. 2021)). The defendant bringing a Rule 12(b)(6) motion bears the burden of "showing that a complaint fails to state a claim." *In re Plavix Mktg., Sales Pracs. & Prod. Liab. Litig. (No. II)*, 974 F.3d 228, 231 (3d Cir. 2020) (citing *Davis v. Wells Fargo*, 824 F.3d 333, 349 (3d Cir. 2016)).

## III.  DISCUSSION

Defendant moves to dismiss the Lanham Act claims, arguing that Defendant's use of the Wicked Fish mark "is expressly authorized . . . pursuant to the Licensing Agreement, and an authorized use pursuant to a license is not infringing as a matter of law." (ECF No. 70 at 17.) Although Plaintiffs allege that the licensing agreement was terminated and that Defendant continued to use the mark notwithstanding this termination, Defendant contends that these factual allegations are too "vague" and that "the Licensing Agreement remains in effect." (*Id.* at 18.)

In response, Plaintiffs argue that, as of December 6, 2016, when Plaintiffs' counsel sent the cease-and-desist letter, the licensing agreement was terminated and "Defendant was no longer authorized to use the . . . mark under the terms of the License Agreement." (ECF No. 73 at 7.)

Defendant's continued use of the mark, Plaintiffs insist, gives rise to plausible claims for trademark infringement and unfair competition/false designation under the Lanham Act. (*Id.* at 6-7.)

Having carefully reviewed the allegations in the SAC as well as the parties' arguments, the Court denies Defendant's motion to dismiss. At this early stage, the Court finds that Plaintiffs have alleged enough to plead plausible claims under the Lanham Act.

"Congress enacted the Lanham Act in 1946 in order to provide national protection for trademarks used in interstate and foreign commerce." *Park 'N Fly, Inc. v. Dollar Park & Fly, Inc.*, 469 U.S. 189, 193 (1985). The Act "was intended to make 'actionable the deceptive and misleading use of marks' and 'to protect persons engaged in . . . commerce against unfair competition.'" *Two Pesos, Inc. v. Taco Cabana, Inc.*, 505 U.S. 763, 767 (1992) (quoting 15 U.S.C. § 1127). Generally, "[t]o state a claim for trademark infringement, 15 U.S.C. § 1114(1), and unfair competition/false designation of origin, 15 U.S.C. § 1125(a)(1), under the Lanham Act, a plaintiff must show three elements: '(1) it has a valid and legally protectable mark; (2) it owns the mark; and (3) the defendant's use of the mark to identify goods or services causes a likelihood of confusion.'" *Juul Labs, Inc. v. 4X PODS.*, 439 F. Supp. 3d 341, 351 (D.N.J. 2020) (citation omitted); *see also A & H Sportswear, Inc. v. Victoria's Secret Stores, Inc.*, 237 F.3d 198, 210 (3d Cir. 2000) ("We measure federal trademark infringement, 15 U.S.C. § 1114, and federal unfair competition, 15 U.S.C. § 1125(a)(1)(A), by identical standards."). "A plaintiff bears the burden of proving these elements." *Juul Labs, Inc.*, 439 F. Supp. 3d at 351.

In previously dismissing the Lanham Act claims, the Court found that there was nothing alleged that allowed the common law breach-of-contract claim—premised on Defendant's failure to pay monies owed and to comply with other terms of the licensing agreement—to morph into federal claims for infringement and/or unfair competition. (ECF No. 62 at 7.) The Court underscored, for example, that it was not alleged that the licensing agreement had been terminated

and Defendant continued to use the mark. (*Id.* at 8.) It was also not alleged that Defendant had distributed or used the mark beyond the temporal or geographic scope of the licensing agreement, or in a manner not otherwise authorized. (*Id.*) The Court therefore concluded that there was no plausible basis for the Lanham Act claims to be maintained parallel to the contract claim.

Plaintiffs now allege that a notice was sent in October 2016 informing Defendant that it had thirty days to cure its breaches of the licensing agreement. (ECF No. 64 ¶ 17.) When no action was taken, the licensing agreement was allegedly terminated by written correspondence in December 2016, which informed Defendant that it needed to cease using the mark. (*Id.* ¶¶ 18-19.) Despite this termination, Defendant is alleged to have continued to sell products bearing the mark. (*Id.* ¶ 20 ("Some years after Plaintiff terminated the licensing Agreement, . . . Plaintiff conducted an investigation and discovered that the merchandise bearing the Wicked Fish Mark was being marketed and sold by the Defendant.").) Attached to the SAC is a copy of the January 1, 2016 licensing agreement, which states that in the event ErazorBits, as licensee, failed to comply with the licensing agreement, then the agreement could be terminated after a thirty-day period to cure. (ECF No. 64-1 at 11.) Also attached are the two letters sent to Defendant, including the October 2016 letter giving thirty days to cure the alleged breaches as well as the follow-up December 2016 letter that instructed Defendant "to cease and desist any use of the Wicked Fish mark, until and unless [Defendant] fulfill[ed] the terms of [the] licensing agreement." (*Id.* at 15-18.)

These allegations and attachments to the operative pleading are sufficient to state plausible Lanham Act claims for trademark infringement and unfair competition. Courts in the Third Circuit recognize that a licensee who continues to use a mark after a licensor has properly terminated a licensing agreement may be liable for trademark infringement, among other claims. *See, e.g.*, *S & R Corp. v. Jiffy Lube Int'l, Inc.*, 968 F.2d 371, 375 (3d Cir. 1992) ("Once a franchise is terminated, the franchisor has the right to enjoin unauthorized use of its trademark under the Lanham Act.");

6

*Air Express Int'l v. Log-Net, Inc.*, Civ. No. 12-1732, 2016 WL 5334659, at *4 (D.N.J. Sept. 22, 2016) ("[M]any courts [including the Third Circuit] have held that continued trademark use by one whose trademark license has been canceled satisfies the likelihood of confusion test and constitutes trademark infringement." (quoting *ITT Indus., Inc. v. Wastecorp. Inc.*, 87 F. App'x 287, 293 (3d Cir. 2004))); *Ramada Worldwide Inc. v. Petersburg Regency, LLC*, Civ. No. 10-4092, 2012 WL 4659824, at *7 (D.N.J. Oct. 1, 2012) ("The termination of a trademark license precludes further use of marks." (collecting cases)). And as the Court explained before, "there is no steadfast rule that parties 'cannot maintain both a Lanham Act claim and a claim for breach of contract if both are sufficiently alleged although based on overlapping facts.'" *Westbrook Monster Mix Co., LLC v. Easy Gardener Prod., Inc.*, Civ. No. 23-2952, 2024 WL 816243, at *6 (E.D. Pa. Feb. 27, 2024) (quoting *Gen. Elec. Co. v. Feuz Mfg., Inc.*, Civ. No. 07-1008, 2008 WL 11355394, at *3 (N.D.N.Y. May 15, 2008)).

In accord with this precedent, Plaintiffs' claims are sufficiently well pleaded to survive 12(b)(6) dismissal.

## IV.   CONCLUSION

For the reasons set forth above, Defendant's Motion to Dismiss Plaintiffs' Second Amended Complaint is **DENIED**. An appropriate order follows.

Dated: March 25, 2024

*[signature]*

GEORGETTE CASTNER
UNITED STATES DISTRICT JUDGE